IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAYMOND O. PADILLA,

    Plaintiff,

vs.                                                              Civ. No. 01-756 WWD/RLP ACE

DAVIS SELECTED ADVISERS, L.P.,
DAVIS DISTRIBUTORS, LLC and
VENTURE ADVISERS, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendants' Motion for Summary Judgment and Confirmation of Award [docket no. 13] filed October 9, 2001; and Plaintiff's Motion for Partial Summary Judgment [docket no. 15] filed October 15, 2001.

### *Background*

In a Court ordered arbitration proceeding, Plaintiff alleged six causes of action, to wit: discrimination and retaliation under Title VII and the New Mexico Human Rights Act, breach of contract, wrongful discharge, *prima facie* tort, and intentional or reckless infliction of emotional distress. On February 16, 2001, the parties filed pretrial briefs with the NASD[1] Arbitration Panel. The last sentence on Plaintiff's pretrial brief reads as follows, to wit:

> Lastly, if Padilla prevails on his discrimination and retaliation claims under either
> Title VII or the New Mexico Human Rights Act, Padilla is entitled to an award of

---

[1] National Association of Securities Dealers.

> attorney's fees and costs which would be submitted to the panel separately after a decision is made on the issues of liability and damages.

No mention was made by Plaintiff of the attorney fees issue during the opening and closing statements or the five day hearing before the Arbitration Panel. At the conclusion of the hearings, but prior to the closing argument, Plaintiff made no mention of the attorney fees question when asked by the chairman of the Arbitration Panel whether either party had further evidence or testimony to present. After the closing arguments, the chairman of the Arbitration Panel asked each party to state affirmatively that it had a full and fair opportunity to be heard, and both parties replied affirmatively. The chairman then stated that the record would remain open until the Arbitration Panel rendered its decision, after which the record would be closed. Plaintiff made no tender of evidence concerning attorney fees during the open record period. On March 15, 2001, the Arbitration Panel granted Plaintiff an award of compensatory damages in the amount of $241,750.00, and also assessed administrative expenses against Defendants. The award stated: "Any and all relief not specifically addressed herein, including punitive damages, is hereby denied." On March 28, 2001, Plaintiff submitted to the NASD a Verified Petition and Supporting Brief for Attorney's Fees and Expenses, which was rejected by the NASD on April 16, 2001. The NASD stated:

> The NASD panel would be the decision-maker for attorney's fees. In this case the panel has ruled and issued an award on all issues before it.
> ...
> NASD awards are **final** and are not subject to review or appeal by the arbitration panel or by NASD Dispute Resolutions, Inc. (emphasis in original)

The Arbitration Panel submitted an Award Information Sheet to the NASD in which the Arbitration Panel stated in response to the question concerning an award of attorney's fees:

"NONE AWARDED". Defendants' Motion for Summary Judgment and Confirmation of Award seeks to confirm the Arbitration Award as made by the Arbitration Panel of the NASD Dispute Regulation, Inc.

*Discussion.*

There is no disagreement as to the basic award of $241,750.00 and that award will be confirmed which gives the relief sought in Defendants' Motion for Summary Judgment and Confirmation of Award. Plaintiff's Motion for Partial Summary Judgment seeks an award of attorneys' fees in connection with the arbitration. The chronology under the stipulation of the parties is such that one can only speculate as to whether the question of attorney fees was considered by the arbitration panel. The "NONE AWARDED" language on the Award Information Sheet is perfectly true; i.e., no attorney fees were awarded; however, stating that fact does not, under all the facts before us, inevitably lead to the conclusion that such an award was ever considered. Indeed, the contrary inference could be stronger since the Award Information Sheet antedated the fee application. On the other hand the arbitration panel may have determined the attorney fee question even before the post-hearing fee application. The question of whether fees were earned in connection with the Title VII claim or the claim under the New Mexico Human Rights Act is not clear. Both parties acknowledge that the main thrust of Plaintiff's case was in these two areas, plus, as Defendant notes, the Plaintiff's contract claim. Rather than trim Plaintiff's claims to the two which could be fee generating, Plaintiff elected to keep the other claims in play even though they were apparently much weaker. Faced with the dilemma of trying to see what portion of the attorney fees claim should be awarded in the instant circumstances,

Plaintiff suggests that "all the claims were based on a common nucleus of operative facts." Again, this is difficult to determine after the fact on the record before the Court.

*Conclusion.*

Given the narrow scope of review permitted in a court review of an arbitration award, the uncertainty of whether attorney fees were considered by the arbitration panel, the language in the arbitration award which purports to deal with "any and all relief", and the impossibility of apportioning attorney fees among the various claims, I am forced to conclude that it would not be proper for the Court to award attorney fees in these circumstances. Plaintiff's Motion for Partial Summary Judgment should be denied.

**WHEREFORE,**

**IT IS ORDERED** that Defendants' Motion for Summary Judgment and Confirmation of Award [docket no. 13] be, and it is hereby, **GRANTED,** and the arbitration award heretofore rendered in this matter on March 15, 2001, by an Arbitration Panel of NASD Dispute Regulation, Inc., is confirmed**.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for partial Summary Judgment [docket no. 15] be, and it is hereby, **DENIED.**

**FINALLY, IT IS ORDERED** that this cause be, and it is hereby, **DISMISSED WITH PREJUDICE[2].**

$\qquad\qquad\qquad$ /s/ William Deaton $\qquad\qquad$
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendants have paid to Plaintiff all amounts due under the arbitration award.